IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**JAMES ANDREW FISCHER**                                                      **PLAINTIFF**

**VERSUS**                                      Civil Action No. 3:24cv75-MPM-JMV

**TROOPER JASON YOUNG**
**Individually**                                                             **DEFENDANT**

**ORDER**

On April 10, 2025, defendant Jason Young filed a motion for summary judgment in the above-entitled action. Citing a change in counsel, plaintiff requested an extension of time until May 16, 2025 to respond to defendant's motion. [Docket entry 27-1]. Since that time, however, plaintiff has not filed a response of any kind to the motion, nor has he made any apparent efforts to prosecute this lawsuit. This court, finding defendant's summary judgment motion to be uncontested, concludes that the motion is well taken and due to be granted.

This is, *inter alia*, a § 1983 action arising out of allegations that Young, a Trooper First Class with the Mississippi Highway Patrol ("MHP"), violated the U.S. Constitution by committing various Fourth Amendment violations, including by wrongfully impounding plaintiff's vehicle after a traffic stop. [Complaint at 6]. Plaintiff also alleges that defendant violated the First Amendment by retaliating against him for various critical comments directed at him during a traffic stop. For example, plaintiff alleges in his complaint that:

> 43. After being given his ticket, Mr. Fischer called Trooper Young a "punk" and showed him the middle finger.
> 44. Mr. Fischer was within his First Amendment right of speech when he called Trooper Young a punk and gave him the middle finger.
> 45. Trooper Young set out to punish and retaliate against Mr. Fischer for exercising his

1

>freedom of speech. He did this by (1) conducting a second traffic stop, (2) falsely citing Mr. Fischer for disorderly conduct and careless driving, (3) arresting Mr. Fischer, and (4) impounding his vehicle.

[Complaint at 6-7.] Plaintiff also alleges that Young violated Mississippi state law by committing acts of malicious prosecution against him, *id.* at 9, and defendant seeks dismissal of all of the claims against him in his summary judgment motion.

In seeking summary judgment, Young relies primarily upon the doctrine of qualified immunity. Qualified immunity shields a governmental official from civil liability for damages based upon the performance of discretionary functions if the official's acts did not violate clearly established constitutional or statutory law of which a reasonable person would have known. *Easter v. Powell*, 467 F.3d 459, 462 (5th Cir. 2006). This court follows a two-pronged analysis to determine whether a defendant is entitled to qualified immunity, inquiring (1) whether, taken in the light most favorable to the party asserting the injury, the facts alleged show the official's conduct violated a constitutional right and, (2) whether the constitutional right was clearly established at the time the conduct occurred. *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

It is well established that a defendant who "pleads qualified immunity and shows he is a governmental official whose position involves the exercise of discretion" thereby places the burden on the plaintiff to "rebut this defense by establishing that the official's allegedly wrongful conduct violated clearly established law." *Pierce v. Smith*, 117 F.3d 866, 871-72 (5th Cir. 1997). "The plaintiff bears the burden of negating the defense and cannot rest on conclusory assertions, but must demonstrate genuine issues of material fact regarding the reasonableness of the official's conduct." *Gatson v. Winston County, Miss.* 2014, WL 585810, at *5 (N.D. Miss. 2014)(internal citations omitted). Therefore, it is the plaintiff, rather than the defendant, who must do the "heavy lifting" in the qualified immunity context.

It seems clear that, in this case, plaintiff has not merely failed to do the "heavy lifting" required to rebut a qualified immunity defense; he has not even entered the gym. In a June 2, 2025 order, this court specifically raised plaintiff's failure to respond to the motion for summary judgment, writing that "[t]his court notes that defendant has filed a motion for summary judgment, as to which a response is overdue." [Docket entry 32-1]. In spite of being specifically warned of his default in this regard, plaintiff filed no response of any kind, and this court's patience is now at an end. This court notes that, while Young was merely required to raise the qualified immunity defense to shift the burden of proof to plaintiff, he has submitted a thorough nineteen-page brief in support of his motion. [Docket entry 4]. In that brief, defendant makes extensive arguments in support of his dismissal, including:

> Fischer alleges that Trooper Young violated the Fourth Amendment by having his vehicle towed and impounded without probable cause. Complaint at ¶¶ 37-40. According to Fischer, Trooper Young did not have probable cause to seize his vehicle because Young did not arrest him or take him to jail, and because he had not consumed alcohol. Id. at ¶
> 38. However, Trooper Young is entitled to qualified immunity because it was not clearly established at the time of the underlying incident (March 2022) that impounding a vehicle under the circumstances at issue here constituted a unconstitutional seizure.

[Brief at 7-8]. Later in his brief, Young argues that:

> Fischer contends that Trooper Young violated his First Amendment rights by retaliating against him on June 14, 2022 because he called Trooper Young a "punk" and "showed him the middle finger" after Trooper Young issued him the first ticket for speeding. Complaint at ¶ 43. He also claims that Trooper Young retaliated against him for the critical Facebook post that he made after the first incident in March 2022. Id. at ¶ 42. According to Fischer, Trooper Young violated his First Amendment rights by "conducting a second traffic stop," "falsely citing [him] for disorderly conduct and careless driving," "arresting" him, and "impounding his vehicle." Id. at ¶ 45. Fischer's First Amendment retaliation claim fails because he cannot prove that Trooper Young lacked probable cause for his arrest and prosecution.

[Brief at 10]. As to the First Amendment retaliation claim against him, Young argues that:

> Last, insofar as Fischer contends that he can make out a First Amendment

3

>retaliation claim based on Trooper Young's impoundment of his vehicle on June 14, 2022, his argument must be rejected. It is well settled that when a driver has been arrested and there is no one present to immediately take custody of the vehicle, a law enforcement official does not violate constitutional rights of the vehicle's owner by calling a towing company to remove the vehicle from the side of the road. *See U.S. v. McKinnon*, 681 F.3d 203, 209 (5th Cir. 2012) (holding that police officer's decision to impound vehicle when it "could not lawfully be driven away from the scene" and would have been "left on a public street where it could have become a nuisance" or "been stolen or damaged" was lawful); *United States v. Duguay*, 93 F.3d 346, 354 n. 2 (7th Cir. 1996) ("Impoundments by Illinois police have been affirmed in many circumstances where the arrestee could not provide for the speedy and efficient removal of the car, such as where the driver is the sole occupant and is legitimately arrested.") (citations omitted); *United States v. Ponce*, 8 F.3d 989, 995-96 (5th Cir. 1993) (same). Because Trooper Young had an objectively reasonable belief that probable cause existed to arrest Fischer for careless driving, Fischer's retaliatory seizure claim fails as a matter of law.
>In any event, Trooper Young is entitled to qualified immunity as to his decision to impound Fischer's vehicle on June 14, 2022 because "existing precedent had not 'placed the constitutional question beyond debate.'" *Degenhardt v. Bintliff*, 117 F.4th 747, 759 (5th Cir. 2024) (quoting *Stanton v. Sims*, 571 U.S. 3, 6 (2013)). In *Degenhardt,* the Fifth Circuit recognized the lack of any caselaw on "retaliatory seizures of property." *Id.* Accordingly, the Court granted the defendants qualified immunity on the plaintiff's First Amendment retaliatory seizure/impoundment claim, finding that the Court "had not clearly addressed whether probable cause to initiate an arrest (i.e., a seizure of a person) is a sufficient reason to seize property in that person's possession." *Id.* The same holds true here. For these reasons, Trooper Young is entitled to qualified immunity as to Fischer's First Amendment retaliation claim.

[Brief at 13-14].

Given his failure to respond to defendant's motion, this court finds the arguments therein to be uncontested and meritorious. For example, it seems clear that plaintiff has failed in his duty to cite specific precedent which "clearly establishes" the illegality of defendant's actions, since he has not even responded to Young's motion. This court therefore concludes that defendant's summary judgment motion is well taken and due to be granted.

It is therefore ordered that defendant's summary judgment motion is granted.

A separate judgment will be entered this date, pursuant to Fed. R. Civ. P. 58.

This, the 8th day of October, 2025.

4

   /s/ Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI